# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DESMOND K. NEWTON, | DOCKET NUMBER |
| Appellant, | AT-1221-22-0576-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: March 22, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gloria Newton</u>, Oxford, Alabama, for the appellant.

<u>April L. Pugh</u>, Esquire, Anniston, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. On petition for review, the appellant argues that the administrative judge erroneously failed to consider all of his submissions; reargues that the agency retaliated against him or otherwise violated the law by failing to extend his temporary promotion, failing to internally announce a position vacancy, and racially

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discriminating against him; and submits additional evidence. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's finding that the appellant failed to nonfrivolously allege that the agency's failure to internally announce a position vacancy before selecting an external candidate constituted a personnel action under 5 U.S.C. § 2302(a), we AFFIRM the initial decision.

To establish jurisdiction in an IRA appeal, an appellant must, among other things, nonfrivolously allege that he made a protected disclosure or engaged in protected activity that was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed Cir. July 7, 2023). In his initial appeal documents, the appellant appeared to argue that the agency retaliated against him based on his mother's whistleblowing activity when it failed to internally announce a position vacancy in 2018 before selecting an external candidate. Initial Appeal File (IAF), Tab 1 at 13, 17-19. The administrative judge considered this argument and properly found that the agency's issuance of a vacancy announcement is not a covered personnel action. IAF, Tab 8, Initial Decision (ID) at 6 (citing *Slake v.*

*Department of the Treasury*, 53 M.S.P.R. 207, 212-13 (1992) for the proposition that the Board has stated that the issuance of a vacancy announcement is not itself a personnel action). The administrative judge also found that, even if a cognizable personnel action occurred here, the appellant failed to nonfrivolously allege that his mother's protected activity was a contributing factor in the agency's decision to not internally announce the position vacancy or to select an external candidate for that vacancy. ID at 6. Based on our review of the record, however, it is unclear to us whether the appellant is simply disputing the particular way the agency issued/posted the vacancy announcement or the fact that he was *not selected* for that position. IAF, Tab 1 at 9, 22-23; *see Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 13 (2012) (stating that failure to appoint is a personnel action). Given this ambiguity, we vacate the administrative judge's conclusion that this matter is not a covered personnel action, but still affirm his finding that the appellant has failed to nonfrivolously allege that his mother's protected activity was a contributing factor to any personnel action at issue in this case. ID at 6.

Although the appellant challenged the administrative judge's contributing factor analysis and reasserted many other arguments that he made in his initial appeal filing before the administrative judge, after a thorough review of the record evidence, the initial decision, and the appellant's claims, we discern no reason to disturb the initial decision except as discussed above. Petition for Review (PFR) File, Tab 1 at 5-28; *see Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (stating that arguments that constitute mere disagreement with the initial decision do not provide a basis to grant a petition for review); *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

On review, the appellant contends that the administrative judge issued the initial decision without considering all of his "timely" submissions or "rebuttals."[2] PFR File, Tab 1 at 4-5. However, the appellant's assertion is without merit. The administrative judge's August 29, 2022 jurisdictional order required the appellant to submit a statement on jurisdiction within 10 calendar days, allowed the agency 20 calendar days to submit a response, and informed the parties that the record on jurisdiction would close on the date the agency's response was due. IAF, Tab 3 at 8. Here, the appellant did not submit a response until September 28, 2022, the day after the initial decision was issued, and well after the deadlines for the appellant's statement on jurisdiction and the close of the record on jurisdiction. IAF, Tabs 8-10. Although the appellant also asserts that he spoke with an unspecified Board representative who told him "everything needed at that time was in the Initial Appeal," such a vague allegation does not demonstrate that the appellant did not have to follow the specific filing instructions clearly set out in the administrative judge's jurisdictional order. PFR File, Tab 1 at 5, Tab 5 at 6-11. Even assuming the administrative judge's office misadvised the appellant in any way, any such error did not prejudice the appellant's rights because, considering the appellant's submission on review, we find no basis for reversal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant also submits documentation on review that was included in the record below, is new, or contains new handwritten notes, to include the following: an agency memorandum regarding expectations of leaders;

---

[2] The appellant also appears to suggest that the administrative judge erred by not considering the merits of his appeal. PFR File, Tab 1 at 5. However, only after Board jurisdiction in an IRA appeal is established is an appellant entitled to a hearing on the merits. *See Downing v. Department of Labor*, 98 M.S.P.R. 64, ¶ 15 (2004), *aff'd*, 162 F. App'x 993 (Fed. Cir. 2006).

performance evaluations; and vacancy announcements, referral notifications, and email correspondence related to various positions he has previously applied for. PFR File, Tab 1 at 32-68. Evidence that is already part of the record is not new evidence that warrants granting review. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). The Board may consider evidence submitted for the first time on petition for review if it implicates the Board's jurisdiction and warrants an outcome different from that in the initial decision. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013); *see Atkinson v. Department of State*, 107 M.S.P.R. 136, ¶¶ 11-12 (2007). However, the attached documents do not implicate the Board's jurisdiction or warrant a different outcome. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). As a result, the appellant's additional evidence does not warrant further review.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.